UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  RANDALL B. FOWLDS,

                    Debtor.
_____

RANDALL B. FOWLDS,

                    Appellant,

vs.                              Case No.  2:08-cv-278-FtM-29DNF
                                  Bankr. No. 9:07-bk-07943-ALP

Jon Waage,

                    Appellee.
_____


**OPINION AND ORDER**

_____This matter comes before the Court on appellant's Motion for
Leave to Appeal Interlocutory Order (Doc. #1).  The Chapter 13
Trustee filed a Response (Doc. #2) and appellant filed a Reply
(Doc. #3).  Appellant seek leave to appeal the Bankruptcy Court's
Order Sustaining Trustee's Objections to Confirmation of Debtor's
Chapter 13 Plan (Doc. #1-4).

     A federal district court has jurisdiction to hear appeals from
final judgments, orders and decrees and, with leave granted, from
interlocutory orders and decrees from the bankruptcy court.  28
U.S.C. § 158(a).  Because the statute does not provide criteria for
determining whether a district court should exercise its
discretionary authority to grant leave, courts look to 28 U.S.C. §
1292(b).  In re The Charter Co., 778 F.2d 617, 620 n.5 (11th Cir.

1985).  The pertinent factors under 28 U.S.C. § 1292(b) are whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The debtor filed a Chapter 13 Voluntary Petition (Bankr. Doc. #1)[1] on August 31, 2007.  The real property listed in Schedule A at 2171 Clubhouse Road, North Fort Myers, Florida, is listed as a homestead valued at $307,140.00 with a secured claim in the amount of $423,523.00.  Pursuant to Schedule D, the secured creditor Aurora Loan Services has the first mortgage on the property, and the secured creditor Ocwen has the second mortgage.  The Statement of Current Monthly Income (Id. at p. 44) lists the combined amount of the mortgages as an expense on line 25B, and the two secured creditors as § 707(b) deductions on line 47.

On January 8, 2008, the Trustee filed an Objection (Bankr. Doc. #28) stating that the disposable income listed on line 58 of the Statement of Current Monthly Income should be dedicated to the unsecured creditors.  The Trustee argued that the debtor expressed an intent to surrender the homestead real property in his Chapter 13 Plan (Bankr. Doc. #2), and therefore he would not have a future payment on the secured claims.  The Trustee argued that it was

---

[1]The Docket Numbers hereafter refer to the numbers assigned in Bankruptcy Court unless otherwise stated.  Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court, the parties on appeal, or otherwise available through PACER.

inappropriate to include the secured claims as payments when the underlying collateral was due to be surrendered.  On March 5, 2008, the Bankruptcy Court entered an Order Sustaining Trustee's Objections to Confirmation of Debtor's Chapter 13 Plan (Doc. #1-4) and did not confirm the Chapter 13 Plan.  The Plan was disapproved without prejudice to amend.

The parties doe not dispute that there are no binding Eleventh Circuit Court of Appeals or Supreme Court decisions on the issue of whether payments to secured creditors on property due to be surrendered can be claimed when the payments will not actually be made.  There is also no dispute that bankruptcy courts have taken differing positions on the issue.  Therefore, a substantial difference of opinion exists.  It is also clear that whether the payments can be deducted affects the amount available for unsecured creditors under a proposed plan, therefore controlling and materially altering the outcome of the bankruptcy.  In its Response, the Trustee argues that there are other issues still to be determined before this particular issue is ready for appeal. The Court finds, however, that a decision on this issue would advance the bankruptcy process towards confirmation.

Accordingly, it is now

**ORDERED**:

1.  Appellants' Motion to Expedite Decision (Doc. #4) is **GRANTED** to the extent that the motion was determined herein.

-3-

2.  Appellants' Motion for Leave to Appeal Interlocutory Order (Doc. #1) is **GRANTED** and the Court grants leave to appeal pursuant to 28 U.S.C. § 158.

3.  The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court for transmittal of the items designated on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Counsel of record